IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darryl Keith Rice, ) | Civil Action No.: 2:12-3420-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Darryl Keith Rice ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claims for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendrikcs for pretrial handling. On December 2, 2013, the Magistrate Judge issued a Report and Recommendation in which she determined that the Commissioner's decision was supported by substantial evidence. Accordingly, the Magistrate Judge recommends affirming the Commissioner's decision. (ECF No. 16.) No objections were filed, and the time to do so has expired. For the reasons stated below, the court adopts the Report and Recommendation and affirms the Commissioner's decision.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

*Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

The well-reasoned Report recommends that the Commissioner's decision be affirmed. No objections have been filed to the Magistrate Judge's Report. Absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any party who fails to file timely, written objections to the Magistrate Judge's Report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984), *cert. denied*, 467 U.S. 1208 (1984).

## CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. Thus, the court adopts the Report and Recommendation and incorporates it herein by reference. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                /s/ Mary G. Lewis
                United States District Judge

December 23, 2013
Spartanburg, South Carolina